Archibald C. Wemple, J.
The above-captioned action was brought in the Schenectady County Court to recover upon a bond given in connection with a loan transaction in which the defendants executed a bond and mortgage for $1,000 on September 13, 1945. The matter came on for trial before the court without a jury on January 21, 1960. There was no appearance on the part of the defendant, Walter Celenski, and in open court it was reported that the said Walter Celenski was in default in having failed to appear or answer in this action.
The court granted judgment by default against Walter Celenski and dismissed the complaint against Helen Celenski. Thereafter defendant, Helen Celenski, entered judgment, with costs *269 taxed at $114.50. The judgment was transcribed to Saratoga County and later a garnishee execution was issued by the Schenectady County Judge.
Now, the plaintiff, through his attorney, and in the order to show cause, challenges the judgment, asks that it be vacated, cancelled and set aside and that the garnishee execution and order issued thereupon be likewise vacated and set aside.
Plaintiff’s counsel contends — first, that the judgment is incomplete and not in accordance with the decision because it does not contain the provision for a default judgment against defendant Walter Celenski; second, that the taxation of costs was improperly made and contained improper items; and third, that the Schenectady County Judge had no authority to execute a judgment in Saratoga County and that such an execution was void.
First, there is no provision of either statute or rule which indicates with exactness what a judgment shall contain. However, it is generally understood that good practice requires that a judgment should refer to the verdict or decision which authorizes the judgment; the result thereof and the party upon whose motion the judgment is entered. Then, it should contain an “ ordering clause ” directing in unmistakeable language the relief to which the party applying for the judgment is entitled. In the instant case, the prevailing party was the defendant, Helen T. Celenski, and as such she had authority only to enter a judgment for the relief asked in her separate answer herein.
The fact of service of process upon defendant Walter Celenski, his appearance herein or lack of appearance herein; his answer of his failure to answer herein, were all matters within the knowledge of the plaintiff, Myron Celenski. It should be noted that there were three separate and distinct parties herein, each with his or her own pleadings. At the time of the trial on January 21, 1960, the prevailing party as against the defendant, Walter Celenski, was the plaintiff herein and then only the plaintiff herein could have proceeded to apply for a default judgment against him. Indeed, as it appears on the trial, there were conflicting interests as between the two defendants, Walter and Helen T. Celenski. For the reasons stated, this court determines that the judgment entered by the defendant Helen T. Celenski was proper and should stand as entered.
- However, as noted above and as stated in the decision, it appears that upon adequate proof of default, the plaintiff will be entitled to a default judgment against the defendant, Walter *270 Celenski. Suck judgment may be entered by the plaintiff as prevailing party or upon proper application to the court, the judgment herein can be extended to include such additional relief.
On the second point, if there is any error in the bill of costs or the procedure taken in the entry or the taxation thereof, section 1535 of the Civil Practice Act provides as follows: “ The court, in its discretion, upon the application of a party interested, may direct a retaxation of costs at any time.” It would appear, therefore, that errors, if any, in the costs can be remedied by negotiation between the parties or attorneys or by application to the court.
As to the third point, it appears that section 684 (Civ. Prac. Act) gives authority “ to the court in which said judgment was recovered ’ ’, and in a court of record to the judge thereof, to grant a garnishee execution order.
Section 684 goes on to say “ and on presentation of such execution by the officer to whom delivered for collection * * * said execution shall become a lien and continuing levy upon the wages ”. The quoted section does not appear to limit the operation of the execution to the county where the court or the judge of the court of record therein is located.
In addition, thereto, section 130 of the Civil Practice Act provides as follows: “An order in an action or special proceeding in a county court which a county judge may make out of court may be made without notice (except an order to stay proceedings which may be made only upon notice) by a justice of the Supreme Court, or by the county judge of any other county.” (Emphasis added.)
Furthermore, section 72 of the Civil Practice Act provides that “ county court has power in an action or special proceeding of which it has jurisdiction to send its process and other mandates into any county of the state for service or execution, and to enforce obedience thereto, with like power and authority as the supreme court.”
From the quoted sections of the Civil Practice Act, it is clear that the Schenectady County Court garnishee execution order was valid and effective in Saratoga County.
The application for the relief asked for by the plaintiff is herein denied.